IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.   8:14-CR-360 (MAD) |
| | ) | |
| v. | ) | **Government's Sentencing Memorandum** |
| | ) | |
| **ARCHIE RAFTER,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum.

I.   **Introduction**

On January 19, 2015, the defendant, Archie Rafter, pled guilty to a one-count information charging him with Conspiracy to Possess with Intent to Distribute and to Distribute a Controlled Substance, in violation of Title 21, United States Code, Sections 846, 841(a) and 841(b)(1)(A). The defendant is currently in custody and scheduled to be sentenced on February 29, 2016.

The charges stem from the defendant's involvement with a drug trafficking organization ("the organization") operating in the Northern District of New York, Quebec, Canada and elsewhere from at least 2003 through 2013. During that time, the organization smuggled thousands of kilograms of marijuana from Canada into the United States where it was then delivered to dealers throughout the east coast. The defendant's role in the organization was to broker marijuana transactions. The defendant coordinated with the organization's customers and codefendant Ralph Dumas to arrange for the delivery of marijuana after codefendant Andrew Schuppel smuggled it into the United States.

## II. Applicable Statutory and Guidelines Provisions

### 1. Statutory Maximum and Minimum Sentences

A violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) as alleged in Count 1 of the Indictment is a Class A felony, *see* 18 U.S.C. § 3559(a)(1), and carries the following mandatory minimum and maximum statutory penalties: a mandatory minimum term of imprisonment of ten (10) years and a maximum term of imprisonment of life; a mandatory minimum term of supervised release of five (5) years and a maximum term of life; and a maximum fine of $10,000,000. *See* 21 U.S.C. § 841(b)(1)(A). The defendant will be required to pay a special assessment of $100 per count of conviction, due and payable at or before sentencing. *See* 18 U.S.C. § 3013(a)(2)(A). Lastly, the defendant's conviction may result in immigration consequences because he is a Canadian citizen.

### 2. Guidelines Provisions

#### a. Offense Level

The Government adopts, without qualification, the Guidelines calculation set forth in the PSR, resulting in an adjusted offense level of 31. PSR ¶¶ 30-39.

#### b. Acceptance of Responsibility

The government agrees with the Probation Department's determination that defendant is entitled to a three-level downward adjustment to his offense level for acceptance of responsibility pursuant to U.S.S.G. §§ 3E1.1(a) and (b).

#### c. Criminal History Category

According to the presentence report, the defendant's criminal history category is I. The government agrees with the Probation Department's determination of the defendant's criminal history category.

### d. Guidelines Range and Sentence

As described above, the combined offense level is 31 and the criminal history category is I. This is consistent with the calculations in the presentence report. As a result of the above-described calculations, the federal sentencing guidelines sections advise that the defendant receive a sentence of 108 to 135 months of imprisonment. However, because the mandatory minimum is 120 months, the guidelines range becomes 120 months to 135 months of imprisonment. The guidelines also advise that the defendant receive a fine of between $15,000 and $10,000,000; a $100 special assessment for each count; and a supervised release term of at least five years and up to life.

## III.   Government's Sentencing Recommendation

Based on all of the information before the Court, the government respectfully requests that the Court sentence the defendant to a term of imprisonment. The sentence that the government recommends here is sufficient, but not greater than necessary to comply with the sentencing purposes set forth in 18 U.S.C. § 3553(a)(2) for the following reasons:

The nature and circumstances of the offense and the history and characteristics of the defendant all weigh in favor of the requested sentence. The facts here establish that the defendant played an integral part in a large scale drug trafficking organization responsible for smuggling thousands of kilograms of marijuana into the United States for distribution. The defendant coordinated the organization's distribution of marijuana for at least a decade. International drug smuggling is a serious offense and the defendant's role in that offense warrants a term of imprisonment.

Respectfully submitted this
9th day of February, 2016,

RICHARD S. HARTUNIAN
United States Attorney

By:   /s/ Katherine Kopita
Katherine Kopita
Assistant U.S. Attorney
Bar Roll No. 517944

**Certificate of Service**

I hereby certify on February 9, 2016, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to counsel for the defendant.

/s/ Katherine Kopita
Katherine Kopita