UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

UNITED STATES OF AMERICA

                vs.

ARCHIE RAFTER

                          Defendant.

-------------------------------------------------------x

Case No. 14 Cr. 360 (MAD)

## DEFENDANT'S SENTENCING MEMORANDUM

Daniel DeMaria, Esq. (518452)
Merchant Law Group LLP
535 Fifth Avenue, Fl. 25
New York, New York 10017
Tel: 212-658-1710
Fax: 212-658-1711
ddemaria@nyslitigators.com

# OVERVIEW

In the past few years, there has been a tremendous push towards criminal justice reform as it pertains to overly harsh drug sentencing laws and mandatory minimums. At the same time, there has also been a push towards decrimininalize marijuana use. A number of states have legalized medical marijuana. Colorado, Washington, Oregon, and Alaska have even legalized marijuana for recreational use. The purpose of this preamble is not to excuse or to justify the Archie Rafter's wrongdoing, but rather to place his crime in the context of recent social and legal developments.

Mr. Rafter is scheduled to be sentenced on February 29th, 2016, following his conviction by guilty plea to conspiring to possess and distribute marijuana. Mr. Rafter waived prosecution by indictment, and admitted his guilt and accepted responsibility for his actions without so much as filing a motion. The object of this sentencing memorandum is to give the Court some insight into Mr. Rafter's character and how and why this 52 year old, father of three, finds himself before the Court, as well as to assist the Court in imposing the most appropriate sentence.

# OBJECTIONS TO THE PSR

Mr. Rafter maintains the objections set out in the Second Addendum to the PSR.

## ARREST & PLEA

Mr. Rafter has been in custody since his arrest on October 25th, 2013. He has been detained continuously since that time. On January 9th, 2015, Mr. Rafter pled guilty, pursuant to a plea agreement.

## SENTENCING LAW

18 U.S.C. § 3553(a) directs sentencing courts to impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) thereof. Said purposes are:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In determining the minimally sufficient sentence, 18 U.S.C. § 3553(a) further directs sentencing courts to consider the nature and circumstances of the offense, the history and characteristics of the defendant and the need to provide restitution to victims of the offense. In conducting this analysis, the district court "may not presume that the Guidelines range is reasonable." Gall v. United States, 552 U.S. 38, 50 (2007). Rather, "it must instead conduct its own independent review of the sentencing factors, aided by the argument of the

Page 3 of 8

prosecution and the defense." <u>United States v. Cavera</u>, 550 F.3d 180, 189 (2d Cir. 2007). The "sentencing judge has a very wide latitude to decide the proper degree of punishment for an individual offender and a particular crime." Id. at 188.

Under 18 U.S.C. § 3661, "no limitation shall be placed on the information concerning the background, character, and conduct of [the defendant] which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."

1. **History and Characteristics of the Defendant**

Mr. Rafter is 52 years old. He is a first time offender with no criminal history. He was born in Huntington, Quebec, Canada. Mr. Rafter grew up in foster care after his mother passed away at the age of 27. Mr. Rafter was only 9 years old at the time of her death. He and his siblings were each placed in separate foster homes. Mr. Rafter maintains occasional contact with his father. In September 1988, after having dated for eleven years, Mr. Rafter married Kelly Rafter. They have three daughters together. Mr. Rafter maintains very close relationships with his wife and daughters who provide him with unconditional love and support. Mr. Rafter has benefitted from their support throughout the pendency of this case. Mr. Rafter is loved and adored by his family, in spite of his current legal situation. Defendant feels genuine sadness for putting his family through this whole process and wants nothing more than to spend his remaining days with them.

Mr. Rafter suffers from various health ailments. He suffered a partial amputation of his thumb and ring finger on his right hand from a work-related injury in July 2013. He also

sustained injuries to his right shoulder and right knee while working as a farmhand in his early twenties. Mr. Rafter is 15% disabled on his right side, including his collar bone, shoulder, and knee. He is developing arthritis in his left shoulder and right knee. He suffers from gum disease and has a partial denture. He suffers from acid reflux and is concerned that he may be developing Osteoporosis due to medication which was prescribed to him in jail.

Mr. Rafter has worked his entire life. At the time of his arrest, he worked as a delivery driver with a tractor trailer which he leased. Prior thereto, he owned his own excavation company for more than a decade. In 2000, he moved to Alberta (Canada) for an employment opportunity which did not pan out, and which depleted his finances. He has been advised by his former employer, that they will rehire him once he gets out of prison.

Attached to this sentencing memorandum are letters from Tracy Rafter, Kelly Johnson Rafter, Mario Coté, John Suto, Caroline Johnson-Hull, Holly Gunn, Kael Fournier, Kelsey Rafter, Jonathan Forrester, and Christopher Hull. Reading these letters it becomes obvious very quickly that Mr. Rafter is surrounded by a close knit group of law abiding family and friends who desperately want him to come home and who believe that deep down he is a very good person.

2.  **Nature and Circumstances of the Offense**

The Guidelines calculated by the government and the PSR is disproportionate to the harm caused by Mr. Rafter's offense conduct. Mr. Rafter did not seek out an opportunity to break the law. He had the misfortune of being recruited by one of his friend's who asked him

whether he knew anyone involved in smuggling marijuana. At the time, Mr. Rafter was desperate for money after having returned from Western Canada with his finances in ruin.. Initially, Mr. Rafter's role was supposed to be limited to communicating between two parties who were reluctant to communicate by phone. Over time, Mr. Rafter's role expanded, largely as a result of his willingness to please others and to do a good job. At no time did Mr. Rafter engage in violent conduct, nor was he involved in drugs other than marijuana.

3. **Punishment, Deterrence, Protection of the Public and Rehabilitation**

The sentence imposed must "afford adequate deterrence to criminal conduct," and "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(B) and (C). As a result of Mr. Rafter's criminal conduct: (i) he has been in jail since October 25th, 2013; (ii) his family unit was shattered, (iii) his reputation was destroyed; and (iv) his health has worsened. In short, Mr. Rafter has been disgraced. In these circumstances, one "need only consider what happened to [Mr. Rafter in order to reconsider [committing a similar offense]; thus, general deterrence [is] served". United States v. Redemann, 295 F. Supp. 2d 887, 897 (E.D. Wis. 2003). See also, e.g., United States v. Anderson, 533 F.3d 623 (8th Cir. 2008) (district court's below-Guidelines sentence was not unreasonable in part because of collateral consequences where district court "specifically addressed other ways in which the defendant had suffered punishment.").

As a result of his wrongdoing, Mr. Rafter has already been away from his wife, and his daughters for some 2.5 years. While Mr. Rafter is the one who has been "doing time" - his family has suffered as much, if not more than he has. Had Mr. Rafter been able to foresee the nightmare that his family would endure as a result of his being incarcerated in a foreign country for an extended length of time, it is safe to say that he would have never become involved in the activities which have brought him before the court. It bears mentioning that the more than two years which Mr. Rafter spent in pre-trial custody is very hard time (much harder than time in a BOP facility). In this regard, the Defendant notes that Federal inmates at Rensselaer County jail (where Mr. Rafter has spent most of his time) are not eligible to work at the jail, nor are any of the inmates permitted to go outside for exercise or fresh air. The Rensselaer County jail has no real access to treatment or to rehabilitative program.

Additionally, pre-trial detention is far more punitive than imprisonment upon sentence due to the uncertainty of the outcome of the case and the difficulties which families have in planning for the future due to such uncertainty. Rather than being able to count down the days until his return home, Mr. Rafter and his family have spent the past 2.5 years worrying and living with the uncertainty that they have no idea when he will in fact be home. Mr. Rafter understands that the absolute worst aspect of his crime is separation from his family and loved ones and the grief it has caused them.

In light of the adverse consequences Mr. Rafter suffered as a result of the alleged offense and his pretrial incarceration, a guideline sentence is far more than sufficient to deter

others from committing similar offenses. A sentence far below the guideline range is also sufficient to ensure specific deterrence. It is also important to note that as a foreigner, Mr. Rafter does not qualify for the RDAP program, or half-way house, two programs which often results in inmates serving between 12 and 18 months less than the time they are sentenced to. Additionally, Mr. Rafter will be deported shortly after his release from prison, and will never be allowed to reenter the United States, which will serve as a lasting reminder of his wrongdoing,

### 4. A sentence substantially below the Advisory Guidelines range is sufficient to achieve rehabilitation.

Since his incarceration in this case, Mr. Rafter has focused on bettering himself and focusing on the familial relationships which matter so much to him. Indeed, Mr. Rafter has certainly been deterred enough by the cloud that has hung over his life for the past 2.5 years, and the hardship and pain his family has endured, and the emotional toll on his and his family with the threat of all he and they stand to lose due to his incarceration. This has motivated Mr. Rafter to rehabilitate himself. Mr. Rafter is not the same man he was when he was arrested. He is an old man, with the additional wear and tear prison life brings, and he understands firsthand the heavy price of breaking the law and that it is simply not worth it.

## CONCLUSION

Mr. Rafter regrets daily the flawed, foolish behavior which has led him before the Court, and the pain he has caused his family by virtue of his conduct and subsequent incarceration. While Mr. Rafter misses the comforts and joys of freedom, the most painful

loss for him, is the loss of his ability to support his family and to be a daily part of their lives. He is looking forward to his release from prison so that he can resume his life as an honest, productive, and hard-working member of society. A sentence below the guideline range will more than adequately punish Mr. Rafter for his conduct and will also adequately deter any future wrongful conduct. Thus, for the reasons stated, Mr. Rafter respectfully submits that a sentence below the guideline range is appropriate.

Dated:  New York, New York
        February 9th, 2016

_____
Daniel DeMaria, Esq. (518452)

Merchant Law Group LLP
535 Fifth Avenue, Fl. 25
New York, New York 10017
Tel: 212-658-1710
Fax: 212-658-1711
ddemaria@nyslitigators.com